**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No: 6:19-bk-05718-LVV** |
| | **Chapter 13** |
| **MARTA JUDITH PEREZ,** | |
|     **Debtor.** | |
| _____/ | |

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 West Washington Street, Suite 5100, Orlando, FL 32801 and mail a copy to the moving party at BransonLaw, PLLC, 1501 E. Concord Street, Orlando, FL 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response., will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**MOTION FOR**
**APPROVAL OF PERMANENT MORTGAGE MODIFICATION AGREEMENT**
(Re: 2917 Golden Rock Drive, Orlando, FL 32818; Loan #***3930)

Debtor, MARTA JUDITH PEREZ, by and through undersigned counsel files this Motion for Approval of Permanent Mortgage Modification Agreement, and states as follows:

1. The Debtor sought a mortgage modification with Home Point Financial Corporation ("Home Point") and was approved for a permanent loan modification.

2. Home Point offered the Debtor a loan modification and the Debtor has accepted the terms, as set forth in the attached Loan Modification Agreement.

3. The modified payment is $1,016.48, of which $541.67 is principal and interest and the balance includes escrow for taxes and insurance and shall begin on April 1, 2021.

4. That the "Unpaid Principal Balance" on the note is $126,447.98, which shall be amortized as set forth below:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment | Estimated Monthly Escrow Payment* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 3.125% | 03/01/2021 | $541.67 | $474.81* | $1,016.48* | 04/01/2021 | 360 |

*adjusts periodically

5. That the "Unpaid Principal Balance" and any other amounts still owed according to the terms of the Loan Modification Agreement, shall be due and payable in full by the earliest of 1) the sale or transfer of any of Debtor's interest in the property subject to the mortgage, 2) the date Debtor pays the entire "Unpaid Principal Balance", or 3) the "Maturity Date" of March 1, 2051.

6. No funds have been requested that are held by the Ch 13 Trustee.

7. That the modification agreement should be filed in the public records of Orange County, Florida.

8. That any pending foreclosure proceedings be dismissed and any final judgment of foreclosure of the mortgage modified hereby be set aside by Home Point within a reasonable amount of time upon the entry of the order granting this motion.

9. That payments to the Chapter 13 Trustee constitute timely payments to Home Point.

10. That the Trustee treat the order granting this Motion as a Mortgage Payment Change Notice and update the plan payments accordingly.

WHEREFORE, Debtor requests this Honorable Court for its Order to Approve the Modification Agreement, to order that payments to the Chapter 13 Trustee constitute timely payments to and grant such other relief that may be deemed just and proper in the circumstances.

/s/ Robert B. Branson
Robert B. Branson, Esquire
Florida Bar No.: 800988
E-mail: *robert@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Debtor

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been sent by either electronic transmission or U.S. Mail this 12th day of March, 2021, to: Laurie K. Weatherford, Trustee, PO Box 3450, Winter Park, FL 32790; Debtor: Marta Judith Perez, 2917 Golden Rock Drive, Orlando, FL 32818; Home Point Financial Corporation, c/o Stefan Noah Beuge, Esquire, Phelan Hallinan Diamond & Jones, PLLC, 2001 NW 64th Street, Suite 100, Fort Lauderdale, FL 33309; Home Point Financial Corporation, c/o Patrick Allen Hruby, Esquire, Brock & Scott, PLLC, 2001 Northwest 64th Street, Suite 130, Fort Lauderdale, FL 33309; Home Point Financial Corporation, c/o Darrelyn Hughes,Esquire, Robertson, Anschutz, Schneid, Crane, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487.

/s/ Robert B. Branson
Robert B. Branson, Esquire

**After Recording Return To:**
CoreLogic SolEx
1625 NW 136th Ave, Ste E100
Sunrise, FL 33323

**This Document Prepared By:**
Daniel Torrez
Home Point
11511 Luna RD
Farmers Branch, TX 75234

**Parcel ID Number: 11-22-28-8066-00030**

_____ [Space Above This Line For Recording Data] _____

| | |
|---|---|
| Original Recording Date: **October 28, 2016** | Loan No: ▮▮▮▮3930 |
| Original Loan Amount: **$160,047.00** | FHA Case No.: ▮▮▮▮3-203B |
| New Money: **$20,084.58** | |

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 25th day of February, 2021, between **MARTA JUDITH PEREZ** whose address is **2917 GOLDEN ROCK DR, ORLANDO, FL 32818** ("Borrower") and **Home Point Financial Corporation** which is organized and existing under the laws of **The United States of America**, and whose address is **11511 Luna RD, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **October 26, 2016** and recorded in **Instrument No: 20160564361** and recorded on **October 28, 2016**, of the Official Records of **ORANGE County, FL** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**2917 GOLDEN ROCK DR, ORLANDO, FL 32818,**
(Property Address)

the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 1, 2021**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$126,447.98**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of **$9,335.56** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been



HUD MODIFICATION AGREEMENT
8300h 01/14

(page 1 of 5)

accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.125%**, from **March 1, 2021**. Borrower promises to make monthly payments of principal and interest of U.S. **$541.67**, beginning on the **1st** day of **April, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **March 1, 2051** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in



HUD MODIFICATION AGREEMENT
8300h 01/14

*(page 2 of 5)*

whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. Pursuant to Section 199.145(4)(b), Florida Statutes, additional nonrecurring intangible tax is due. This Mortgage is given in connection with the refinancing of an obligation secured by an existing mortgage, recorded in Official Records Instrument No: 20160564361, Public Records of ORANGE County, Florida from the Mortgagor hereunder to the Mortgagee hereunder, or to the assignor of the Mortgagee hereunder. As of the date of refinancing, the unpaid principal balance of the original obligation, plus accrued by unpaid interest, secured by the existing mortgage is equal to $151,947.72. The principal balance of the new obligation secured by this Mortgage is $126,447.98, which amount represents, as of the refinancing, the excess of the unpaid principal balance of the original obligation, plus accrued by unpaid interest. Notwithstanding anything to the contrary contained in the foregoing, if the obligor under the new obligation is not liable to the obligee under the obligation secured by this Mortgage, then the additional nonrecurring intangible tax shall be computed on the entire principal balance of the new obligation.



HUD MODIFICATION AGREEMENT
8300h 01/14

*(page 3 of 5)*

_Marta Judith Perez_ _____  Date: 3-9-21
**MARTA JUDITH PEREZ** -Borrower

_____-Witness    _____-Witness
Signature                                                          Signature

Shelly Eason -Witness                        Robert W. Blunt -Witness
Print Name                                            Print Name

_____ [Space Below This Line For Acknowledgments] _____

State of Florida
County of Orange

The foregoing instrument was acknowledged before me by means of [ ] physical presence or [ ] online notarization, this 9th day of March, 20 21, by **MARTA JUDITH PEREZ**.

_Lisa McCleary_
(Signature of Notary Public - State of Florida)

LISA MCCLEARY
(Print, Type or Stamp Commissioned Name of Notary Public)

> LISA MCCLEARY
> MY COMMISSION # HH 031457
> EXPIRES: September 5, 2024
> Bonded Thru Notary Public Underwriters

Personally Known ✓  OR Produced Identification _____

Type of Identification Produced _____

Origination Company: **Home Point Financial Corporation**
NMLSR ID:





HUD MODIFICATION AGREEMENT
8300h 01/14

(page 4 of 5)

**Home Point Financial Corporation**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____
The State of TEXAS

County of DALLAS

Before me _____ (name/title of officer) on this day personally appeared

_____, the _____ of **Home Point Financial Corporation**.

known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D., _____.

_____
Signature of Officer

_____
Title of Officer

My Commission expires : _____


HUD MODIFICATION AGREEMENT
8300h 01/14



(page 5 of 5)

# Exhibit "A"

Loan Number: ███████3930

Property Address: **2917 GOLDEN ROCK DR, ORLANDO, FL 32818**

Legal Description:
THE LAND HEREINAFTER REFERRED TO IS SITUATED IN THE CITY OF ORLANDO, COUNTY OF ORANGE, STATE OF FLORIDA, AND IS DESCRIBED AS FOLLOWS: LOT 3, SILVER RIDGE PHASE III, ACCORDING TO PLAT THEREOF, RECORDED IN PLAT BOOK 19, PAGE (S) 55 AND 56, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.


12338 06/18 Exhibit A Legal Description Attachment


Page 1 of 1